951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brenda Duhe COLEMAN, Mother and Natural Guardian of the
children of Donald Duhe, a/k/a Donald Griffin,
deceased, Plaintiff-Appellant,
v.
Grover CRAIG, Sheriff of Finney County, Kansas; Board of
County Commissioners of Finney County, KS,
Defendant-Appellee.
 No. 91-3138.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1991.
 
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Donald Duhe died while incarcerated in Finney County Jail. His former wife, Brenda Duhe Coleman, filed suit under 42 U.S.C. § 1983 alleging that the Sheriff and Board of County Commissioners of Finney County, Kansas, deliberately failed to implement standards and policies for medical care and treatment of inmates. Ms. Coleman brought the action on behalf of her children, whose father was Mr. Duhe. She sought monetary damages for the following: (1) non-economic loss to children for their father's death; (2) costs of transporting children to their father's funeral; (3) costs of long-distance telephone calls to Mr. Duhe while he was in jail; and (4) Ms. Coleman's lost wages.
 
 
 3
 The district court granted summary judgment based on alternative grounds, finding first that the damages that Ms. Coleman sought were not recoverable under section 1983, and second, that she had not brought a proper action under section 1983. For both findings, the court relied on our recent case, Berry v. City of Muskogee 900 F.2d 1489 (10th Cir.1990).
 
 
 4
 We review a grant of summary judgment de novo. McKenzie v. Mercy Hospital 854 F.2d 365, 367 (10th Cir.1988).
 
 
 5
 After thorough review of the pleadings we conclude that summary judgment was properly granted for defendants. We agree with the district court that the federal remedy fashioned in Berry does not include the heirs' non-economic losses resulting from the death of a parent, nor does it include the costs and lost wages sought by Ms. Coleman.
 
 
 6
 Because we AFFIRM the grant of summary judgment on these grounds, we do not consider the district court's alternative grounds for summary judgment.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3